# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: A.S.

No. 16-0144 (Marshall County 15-JA-09)


## MEMORANDUM DECISION

Petitioner Mother E.E., by counsel John R. Anderson, appeals the Circuit Court of Marshall County's January 15, 2016, order terminating her parental rights to three-year-old A.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), J.K. Chase IV, filed a response on behalf of the child also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights and denying her motion for a post-adjudicatory improvement period.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner alleges two additional assignments of error in her petition for appeal. However, in her argument in support of these additional assignments of error, petitioner does not cite to a single case, statute, rule, or other authority to support her arguments. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and *law presented*, the standard of review applicable, and *citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate as it fails to comply with the administrative order and the West

(continued . . .)

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner was using illegal drugs in the home and that drugs and drug paraphernalia were left within the child's reach. The DHHR also alleged that acts of domestic violence occurred in the child's presence. During the preliminary hearing the parties agreed that a pre-adjudicatory improvement period was appropriate. The circuit court directed the multidisciplinary team ("MDT") to convene to formulate the terms and conditions of petitioner's pre-adjudicatory improvement period. The MDT complied, and the terms and conditions set included that petitioner was to remain drug free, participate in individualized parenting and adult life skills classes, and complete an intensive outpatient drug program. By ordered entered May 26, 2015, the circuit court ratified the terms and conditions of petitioner's pre-adjudicatory improvement and granted her a three-month improvement period.[3]

In June of 2015, the MDT met to discuss petitioner's May 22, 2015, drug screen which was positive for cocaine. During this meeting, petitioner declined to participate in an inpatient drug rehabilitation program and acknowledged that any future positive drug screens would result in a motion to terminate her pre-adjudicatory improvement period. Thereafter, the guardian and the DHHR filed motions to terminate her improvement period because petitioner tested positive for cocaine on June 23, 2015, and June 25, 2015, which showed increased levels on each test.

The following month, the circuit court held a hearing on these motions during which it heard argument by the parties. By order entered July 14, 2015, the circuit court held these motions in abeyance and ordered that if petitioner does "not have [a] clean drug test by July 20, 2015, [her] . . . pre-adjudicatory improvement period shall be TERMINATED, visitations will cease, and this matter will be set for adjudication." On July 23, 2015, the DHHR and the

---

Virginia Rules of Appellate Procedure. Thus, we decline to address these two assignments of error.

Furthermore, we note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[3]While petitioner did not attend the hearing in which the circuit court ratified the terms and conditions of her pre-adjudicatory improvement period, she attended the MDT meeting in which the terms of her improvement period were formulated.

guardian filed a joint motion to terminate petitioner's pre-adjudicatory improvement period because she did not submit to a drug test on or before July 20, 2015.

In September of 2015, the circuit court held an adjudicatory hearing during which it heard testimony that drugs and drug paraphernalia were found in petitioner's home and were within the child's reach. Petitioner did not present any testimony.[4] Accordingly, the circuit court adjudicated petitioner as an "abusing and neglecting" parent.[5] In November of 2015, the circuit court held its initial dispositional hearing during which petitioner's counsel proffered that petitioner submitted a negative drug screen on July 23, 2015, and has continued to participate in outpatient drug rehabilitation. The circuit court continued the dispositional hearing to December 22, 2015, because the DHHR failed to timely file a family case plan. Thereafter, petitioner filed a motion for a post-adjudicatory improvement period. In support of her motion, petitioner produced nine negative drug screens.

On December 22, 2015, the circuit court held a dispositional hearing and considered petitioner's motion for a post-adjudicatory improvement period. The circuit court denied this motion upon a finding that petitioner failed to meet her burden of proof that she has experienced a substantial change in circumstances since her pre-adjudicatory improvement period. In support of its decision the circuit court noted that petitioner failed to submit a clean drug screen on or before July 20, 2015. Furthermore, the circuit court determined that petitioner's subsequent negative drug screens were insufficient to meet her burden of proof because the tests were conducted at an unknown facility, did not indicate that they were conducted as part of petitioner's inpatient program, the physician's signature was unrecognizable, and some of the results expressly stated that "[t]hese results are neither intended nor suitable for use in forensic applications or other legal or employment related areas." The circuit court terminated petitioner's parental rights upon a finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. In support of this finding the circuit court determined that petitioner failed to respond to or follow through with a reasonable family case plan. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

---

[4]While petitioner arranged for the DHHR to provide her with transportation to the adjudicatory hearing, she failed to appear at the location she selected. Thus, petitioner did not attend the adjudicatory hearing.

[5]The circuit court adjudicated petitioner as an "abusive and neglectful parent" based upon its finding that she abused and neglected the child. The Court notes, however, that the West Virginia Code provides only for a definition of "abusing parent." According to West Virginia Code § 49-1-201 "'[a]busing parent' means a parent, guardian or other custodian, regardless of his or her age, whose conduct has been adjudged by the court to constitute child abuse or neglect." Because this definition encompasses parents who have been adjudicated of either abuse or neglect, the Court will use the correct statutory term throughout this memorandum decision.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in terminating her parental rights based upon her drug addiction - which was not alleged in the petition for abuse and neglect - in violation of her due process rights. Upon our review, we find no error in this regard because petitioner's argument lacks merit. While petitioner is correct that the petition did not allege that she was addicted to drugs or that her alleged drug use impaired her ability to care for the child, she ignores the testimony that she placed her child in danger. During the adjudicatory hearing a Child Protective Services worker testified that drugs and drug paraphernalia were located in her home and were within the child's reach.

Moreover, the record is clear that the terms of petitioner's pre-adjudicatory improvement period required her to remain drug free and participate in individualized parenting and adult life skills classes, among other requirements. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

In addition to her three failed drug screens, the record is devoid of any evidence that petitioner participated in individualized parenting and adult life skills classes. As such, it is clear that the evidence of petitioner's illegal drug use was extremely relevant to establish her failure to comply with services below. Pursuant to West Virginia Code § 49-4-604, circuit courts are directed to terminate parental rights upon these findings. Furthermore, it is clear from the record before us that petitioner was provided with due process of law in the termination of her parental rights to A.S. Pursuant to the statutory framework of abuse and neglect proceedings, the DHHR filed a petition against petitioner alleging that drug activity occurred in the home and that drugs were

4

accessible to the child. The circuit court appointed petitioner an attorney and held a preliminary hearing during which the parties agreed to a pre-adjudicatory improvement period. Subsequently, she tested positive for cocaine on three different occasions, in violation of her improvement period, and proceeded to adjudication. Following her adjudicatory hearing, the circuit court found that she was an abusing parent. The circuit court then continued her dispositional hearing because the DHHR failed to timely file a family case plan. After conducting a properly noticed dispositional hearing, her parental rights were involuntarily terminated. It is clear from the record before us that petitioner was provided with due process of law in the termination of her parental rights to A.S. Therefore, given the circumstances presented herein, we find no merit to petitioner's assignment of error.

Finally, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. We have previously held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements[.]" Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Pursuant to West Virginia Code § 49-4-610(2)(D), a circuit court can only grant a post-adjudicatory improvement period when "since the initial improvement period, the [parent] has experienced a substantial change in circumstances . . . [and] demonstrates that due to that change in circumstances the [parent] is likely to fully participate in a further improvement period."

We find that the circuit court did not abuse its discretion in denying petitioner's motion for an additional improvement period. Petitioner argues that she showed a substantial change in circumstances as evidenced by her nine clean drug screens. We have previously held that "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, 301 S.E.2d 596, 599 (1983)." Syl. Pt. 3, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010) (internal citations omitted). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); s*ee also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). The circuit court noted that petitioner's drug screen results were from an unknown facility, the physician's signature was unrecognizable, and five of the seven test results included a disclosure that "[t]hese results are neither intended nor suitable for use in forensic applications or other legal or employment related areas." Furthermore, petitioner failed to authenticate these documents. For these reasons, we find no error in the circuit court's order denying petitioner an additional improvement period.

For the foregoing reasons, the circuit court's January 15, 2016, order terminating petitioner's parental rights to the child is hereby affirmed.

Affirmed.

**ISSUED**: June 6, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II